UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                           Plaintiff,

       -against-

ANN HAMILL, deceased, her heirs at law, if any, BESSIE
MERRITT, tenant in possession of the premises or any portion
thereof known as 93 Garfield Boulevard, Farmingdale, New
York, S/B/L 122.00 / 01.00 / 018.000,

                           Defendants.
----------------------------------------------------------------------X

**ORDER**
13-CV-169 (ADS)(WDW)

**APPEARANCES:**

**Mulle & Iannarone, PC**
*Attorneys for the Plaintiff*
300 East Main Street, Suite 3
Smithtown, NY 11787
    By:   Dolores M. Iannarone, Esq., Of Counsel

**NO APPEARANCE:**

Ann Hamill, deceased, her heirs at law, if any
Bessie Merritt, tenant in possession

**SPATT, District Judge.**

      On January 10, 2013, the Plaintiff United States of America (the "Plaintiff") commenced this foreclosure action against the Defendants Ann Hamill, deceased, her heirs at law, if any, Bessie Merritt, tenant in possession of the premises or any portion thereof known as 93 Garfield Boulevard, Farmingdale, New York, S/B/L 122.00 / 01.00 / 018.000 (the "Defendants"). Specifically, the Plaintiff seeks to foreclose on a Note and Mortgage upon real property located at 93 Garfield Boulevard, Farmingdale, New York (the "Premises").

      On May 14, 2013, the Plaintiff requested a certificate of default as against the Defendants Ann Hamill ("Hamill") and Bessie Merritt ("Merritt"). That same day, May 14, 2013, the Clerk of the Court noted the defaults Hamill and Merritt. Thereafter, on September 5, 2013, the Plaintiff moved for

1

a default judgment of foreclosure against Hamill and Merritt. On March 28, 2014, this Court referred the matter to United States Magistrate Judge William D. Wall for a recommendation as to whether the motion for a default judgment should be granted, and if so, (1) whether a judgment of foreclosure and sale should be awarded, and (2) whether any other relief should be granted.

On June 2, 2014, Judge Wall issued a Report and Recommendation (the "Report") recommending that this Court deny the Plaintiff's "motion [for a default judgment and entry of judgment of foreclosure and sale] without prejudice to renewal if and when the [P]laintiff addresses the issues raised in [the] Report." (Dkt. No. 20.) In this regard, Judge Wall explained as follows:

> The Complaint was filed on January 10, 2013, naming, inter alia, Ann Hamill, deceased, and her heirs at law, if any. In United States v. Callard, 2013 WL 2022870, (E.D.N.Y. May 14, 2013), issued after the [P]laintiff filed this lawsuit, but before it filed its motion for default judgment, Judge Spatt discussed the questions of whether a deceased person could or should be named in a foreclosure action, and who the necessary parties to such an action might be. [The] Plaintiff's counsel in this matter was the attorney on the Callard matter, and thus, was on notice of Judge Spatt's rulings regarding the naming of necessary defendants in a foreclosure action and the general legal premise that a dead person cannot be a party to an action. 2013 WL2022870 at *4. This motion, however, does not address those issues.
> Based on the reasoning in Callard, I recommend that the motion for default be denied until the [P]laintiff can provide the [C]ourt with legal authority that the deceased is a proper party and can demonstrate that it has made efforts to identify Ms. Hamill's heirs, or why it is sufficient to name "her heirs if any," when there is little, if any, possibility under the present circumstances that they are aware of this lawsuit or would receive notice of the foreclosure. Further the [P]laintiff should address the propriety of service used for [the] [D]efendant Bessie Merritt and the other named defendants.

(Dkt. No. 20.)

On June 11, 2014, the Plaintiff filed a response to the Report. (Dkt. No. 21.) In its response, the Plaintiff asserts that "[b]ased on the reasoning set forth in the Report [ ] [the] Plaintiff will submit a motion to amend the caption to read 'Estate of Ann Hamill . . . ' rather than 'Ann Hamill, Deceased.'" (Dkt. No. 21, ¶ 3.) The Plaintiff also explained that Hamill had no living relatives and that Merritt had

2

previously resided at the Premises but no longer lived there. (Dkt. No. 21, ¶¶ 4 and 5.) As such, the Plaintiff asks the Court to

> set dates by which the motion to amend the caption must be made, or in the alternative, direct the clerk of the court to discontinue the action against Merritt, and to issue an amended summons reflecting the amendments to the caption as follows:
>
> **UNITED STATES DISTRICT COURT**
> **EASTERN DISTRICT OF NEW YORK**
> ----------------------------------------------------------------------X
> UNITED STATES OF AMERICA,
>
>                                                      Plaintiff,
>
>         -against-
>
> The Estate of ANN HAMILL, occupant or tenant, if any, in possession of the premises or any portion thereof known as 93 Garfield Boulevard, Farmingdale, New York, S/B/L 122.00 / 01.00 / 018.000,
>
>                                                     Defendants.
> ----------------------------------------------------------------------X

(Dkt. No. 21, ¶ 6.) According to the Plaintiff, "[f]ollowing entry and service of the amended summons[,] [the] [P]laintiff will move this [C]ourt for the entry of a default judgment of foreclosure and sale of the property on a date to be set by the Court." (Dkt. No. 21, ¶ 7.)

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). However, a court is required to make a de novo determination as to those portions of the report and recommendation as to which objections were made. 28 U.S.C. § 636(b)(1)(C); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

The phrase "de novo determination" in Section 636(b)(1)—as opposed to "de novo hearing"—was selected by Congress "to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." United States v. Raddatz, 447 U.S. 667, 676, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980). Section 636 does not require a court "to rehear the contested testimony in order to carry out the statutory command to make the required 'determination.'" Id. at 674. Rather, in making such a determination, a court may in its discretion review the record and hear oral argument on the matter. See Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters, 894 F.2d 36, 40 n.3 (2d Cir. 1990). Furthermore, a court may in its sound discretion afford a degree of deference to the magistrate judge's report and recommendation. See Raddatz, 447 U.S. at 676.

In addition, in a case where a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y.2008) (quoting Barratt v. Joie, No. 96–CV–324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)). "Furthermore, even in a de novo review of a party's specific objections, the Court ordinarily will not consider arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance." Fairfield Fin. Mortg. Group, Inc. v. Luca, No. 06–CV–5962, 2011 WL 3625589, at *2 (E.D.N.Y. Aug. 16, 2011) (internal quotation marks omitted).

Here, the Plaintiff's response offers information concerning Hamill and Merritt that could have initially been provided to Judge Wall. Moreover, it appears that the Plaintiff has not actually raised any objections to Judge Wall's Report, but rather, is agreeing to renew its motion for a default judgment in compliance with Judge Wall's recommendation.

Thus, having reviewed Judge Wall's Report and finds it to be persuasive and without any legal or factual errors, the Court adopts the Report in its entirety. The Plaintiff's motion for a default judgment of foreclosure is denied without prejudice. The Plaintiff should direct its requests

4

concerning both its motion to amend the caption and its renewed motion for a default judgment to Judge Wall, as the Court hereby respectfully refers these matters to him for a recommendation as to (1) whether the motion to amend the caption should be granted; (2) whether, upon the Plaintiff's renewed motion, a judgment of foreclosure and sale should be awarded, and (3) whether any other relief should be granted. The Clerk of Court is directed to terminate Docket Nos. 14 and 20 and to note the referral.

**SO ORDERED.**

Dated: Central Islip, New York
July 10, 2014

_____/s/ Arthur D. Spatt_____
ARTHUR D. SPATT
United States District Judge